CHARLES E. GOSS *vs.* ABIGAIL AUSTIN.

The death of one of two joint defendants in an action of contract will not prevent the plaintiff from testifying in his own favor against the survivor.

Illegality of a contract which is the subject of an action cannot be relied on in defence, unless it appears by the declaration or is specially pleaded in the answer.

CONTRACT, originally brought against Samuel Austin, who died after the commencement of the action, and the present defendant. The declaration was simply upon an account annexed, which contained numerous items for the hire of horses and carriages, fares, hotel bills, and one item of $135 " for services in procuring the discharge of one Hanchett from custody, and his return again to his regiment."

The answer, after making general denials, averred that the plaintiff falsely represented himself to be a provost marshal, acting under authority of the United States, and having a warrant for the arrest of George B. Hanchett for desertion from the military service of the United States, and illegally arrested said Hanchett, who was a nephew of the defendants; and thereafter, by divers false representations, which were given in detail, endeavored to excite their fears and sympathies for Hanchett's safety, and said Abigail, acting under the fears and sympathies so excited, told the plaintiff that she was willing to do anything

to save Hanchett's life ; and any promise made by either defend
ant was obtained by fraud.

At the trial in the superior court, before *Morton,* J., the plain-
tiff was allowed, against the defendant's objection, to testify to
the joint promise made by the two original defendants.

The plaintiff also testified that, claiming to act under a war-
rant from the regiment, and also as a special provost marshal, he
arrested Hanchett as a deserter, and delivered him to the custody
of the military commandant at Boston, and afterwards, in pursu-
ance of his agreement with the two original defendants, he in-
curred the expenses and rendered the services sued for. Upon the
evidence of the plaintiff, the defendant contended that the con-
tract, if any, between the plaintiff and defendant, was against the
policy of the law ; but the judge ruled that this defence was
not open under the answer.

The jury returned a verdict for the plaintiff, and the defendant
alleged exceptions.

*D. Saunders, Jr.,* for the defendant. It was the duty of the
plaintiff, acting as provost marshal, to return Hanchett to the
proper military authorities. As such officer, he could not under-
take for compensation to avert from him the punishment due to
his offence. *Norman* v. *Cole,* 3 Esp. 253. *Hatzfield* v. *Gulden,*
7 Watts, 152. *Satterlee* v. *Jones,* 3 Duer R. 102. *Dixon* v.
*Olmstead,* 9 Verm. 310. *Denny* v. *Lincoln,* 5 Mass. 385. *Odi-
neal* v. *Barry,* 24 Mississippi, 9. *Kribben* v. *Haycraft,* 26 Mis-
souri, 396. This ground of defence was open under the plead-
ings.

*S. B. Ives, Jr. & J. B. Lord,* for the plaintiff.

BIGELOW, C. J. The question of the competency of the plain-
tiff to testify was settled in *Hayward* v. *French,* 12 Gray, 459.
The death of one of several joint contractors who are defend-
ants does not bring the case within the exceptions to the stat-
ute, so as to render the other party incompetent. It is only the
death of a sole party to a contract or cause of action in issue
and on trial, or, where several joint promisors are sued, the death
of all of them, that operates to exclude the other party from tes-
tifying in his own favor.

The question of the illegality of the contract was not open to the defendant under the answer. No such ground of defence was set forth therein. Under the provisions of the practice act, any ground of defence not comprehended in a denial of the averments in the declaration must be pleaded in the answer. There is nothing in the declaration to indicate that the plain-tiff's claim was illegal or contrary to public policy. The averments in the answer set out that the plaintiff was not a public officer, but falsely pretended to be one, and thereby deceived and defrauded the defendants — a ground of defence entirely incon-sistent with the allegation which the defendant sought to estab-lish at the trial, that he was in fact clothed with official authority, and that the services he undertook to perform for the defendants were inconsistent with his public duties, and so contrary to pub-lic policy, and illegal. No such averment is contained in the answer, and the evidence offered in support of it was rightly rejected. *Granger* v. *Ilsley*, 2 Gray, 521. *Bradford* v. *Tinkham*, 6 Gray, 494. *Exceptions overruled.*